**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Terry Lee Lovato, | No. CV 05-1837-PHX-SMM (JM) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Joseph M. Arpaio, | |
| Defendant. | |

In accordance with 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice of the United States District Court for the District of Arizona, this case was referred to the Magistrate Judge for all pretrial proceedings and report and recommendation.  Pending before the Court is a Motion to Dismiss the Complaint for Failure to Exhaust Administrative Remedies [Docket No. 11] filed by Defendant Joseph M. Arpaio.  For the reasons explained below, the Magistrate Judge recommends that the District Court, after independent review of the record, grant the pending motion.

**A.      Background**

Plaintiff filed *pro se* the above-titled civil rights action pursuant to 42 U.S.C. § 1983 on April 25, 2005, alleging (1) that his safety is threatened by the overcrowding of the Maricopa County jail system; (2) that conditions in the jail are unsanitary and threaten his safety; and (3) that he received inadequate, spoiled, and tainted food.  Defendant Joseph M. Arpaio has filed a motion to dismiss the amended complaint for failure to exhaust administrative remedies.

Despite warnings regarding the implications of his failure to do so, Plaintiff has not responded to the motion.

**B.      Discussion**

**1. Failure to Respond**

The docket reflects that Plaintiff failed to timely respond to the Motion to Dismiss. Nevertheless, the Court, in an abundance of caution, issued a notice and warning to Plaintiff which directed him to respond to the motion and provided him an extension of time in which to do so. The notice specifically warned Plaintiff that "Defendants' motion to dismiss seeks to have your case dismissed. Their motion will, if granted, end your case." Additionally, Plaintiff was advised of the provisions of Local Rule-Civil 7.2, Rules of Practice of the United States District Court for the District of Arizona, which in pertinent part state that, "if the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the court may dispose of the motion summarily." Despite these warnings, Plaintiff has, as of the date of this report, failed to respond to Defendant's motion. As such, dismissal of the action for failure to respond is warranted.

**2. Exhaustion of Administrative Remedies**

Exhaustion is an affirmative defense as to which defendants have the burden of proof, and is properly raised in an "unenumerated" Rule 12(b) motion to dismiss rather than in a motion for summary judgment. *See Wyatt v. Terhune,* 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *See id*. at 1119-20.

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See* 42 U.S.C. § 1997e(a). This exhaustion requirement is mandatory and not merely directory. *See Porter v. Nussle,* 534 U.S. 516 (2002). All available remedies must be exhausted and those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *See*

- 2 -

*id.* Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. *See id.* at 988, 992; *Booth v. Churner,* 532 U.S. 731, 741 (2001).

The administrative process that the Defendant contends has not been exhausted is the Inmate Grievance Procedure, Policy Number DJ-3, which is attached to the Defendant's Motion as Exhibit 1A. The Grievance Procedure describes three levels of redress. First, the inmate must submit a Grievance Form to a detention officer for resolution by the officer, shift supervisor, or hearing officer. Second, if an inmate decides to appeal, he is provided an Institutional Grievance Appeal Form which is submitted to the jail commander. Third, if the inmate remains dissatisfied, he is informed of the right to pursue an External Grievance Appeal to be decided by an external referee. *Inmate Grievance Procedure*, ¶¶ 1-7. Only upon conclusion of this procedure is the inmate permitted to file a complaint in the Federal District Court. *Id.*, ¶ 8.

In this case, Maricopa County Sheriff's Department Sergeant Zelean Tademy, who is charged with the receipt, processing, tracking and storage of inmate grievances, has submitted an affidavit indicating that Plaintiff never filed any grievances or any external appeals for grievances. *Exhibit 1*, ¶ 4. Each of these agreement are attached to Defendant's Motion as Exhibit 1. As there is no indication that Plaintiff satisfied any level of review of his claim, the Court finds that Defendant has satisfied his burden to establish that Plaintiff has failed to exhaust his administrative remedies in relation to his claims. Plaintiff's failure to pursue his claim at any level identified in the Inmate Grievance System demonstrates that he did not exhaust all of his "available administrative remedies" as required by the PLRA. 42 U.S.C. § 1997(e)(a).

**C.     Recommendation**

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, issue an Order **granting** the Motion to Dismiss Plaintiff's Complaint [Docket No. 11] filed by Defendant Joseph M. Arpaio.

1    This Recommendation is not an order that is immediately appealable to the Ninth
2 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
3 Appellate Procedure, should not be filed until entry of the District Court's judgment.
4    However, the parties shall have ten (10) days from the date of service of a copy of
5 this recommendation within which to file specific written objections with the District Court.
6 *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil
7 Procedure. Thereafter, the parties have ten (10) days within which to file a response to the
8 objections. If any objections are filed, this action should be designated case number: **CV 05-**
9 **1837-PHX-SMM**. Failure to timely file objections to any factual or legal determination of the
10 Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the
11 issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).
12    DATED this 23rd day of February, 2006.

*Jacqueline Marshall*
Jacqueline Marshall
United States Magistrate Judge